08-5477-cr
United States v. Tyson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
          GERARD E. LYNCH,
                    <u>Circuit Judge</u>,
          JANE A. RESTANI,*
                    <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

          <u>Appellee</u>,

          -v.-                                08-5477-cr

JOSEPH M. TYSON,

          <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    Robert G. Smith, Assistant
                            Federal Public Defender (Jay S.

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Ovsiovitch, on the brief),
Office of the Federal Public
Defender for the Western
District of New York, Rochester,
NY.

**APPEARING FOR APPELLEE:**     Stephan J. Baczynski, Assistant
United States Attorney (Kathleen
M. Mehltretter, United States
Attorney), Office of the United
States Attorney for the Western
District of New York, Buffalo,
NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Joseph M. Tyson appeals from a judgment of conviction entered in the United States District Court for the Western District of New York (Siragusa, J.), following a jury trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The standard of review for evaluating the district court's ruling on a suppression motion is clear error as to the district court's factual findings, viewing the evidence in the light most favorable to the government, and de novo as to questions of law." United States v. Rodriguez, 356 F.3d 254, 257 (2d Cir. 2004).

The district court properly denied Tyson's motion to suppress the tangible evidence seized from his apartment on September 28, 2005. Magistrate Judge Feldman credited Detective McLaughlin's testimony that he read aloud to Tyson the consent to search form and the handwritten notation including "CPU & electronic storage devices" in the scope of the search. The district court thus agreed with Magistrate Judge Feldman that "the Government established at the

2

[suppression] hearing, by a preponderance of the evidence, that the defendant voluntarily consented to the search of his residence." There is therefore no merit in Tyson's arguments to the contrary.

"The applicability of the fruit of the poisonous tree doctrine is a question of law reviewed de novo." United States v. Awadallah, 349 F.3d 42, 71 (2d Cir. 2003) (internal quotation marks omitted). The district court properly denied Tyson's motion to suppress an inculpatory statement he gave on October 11, 2005. Assuming arguendo that Detective Lambert unreasonably seized Tyson's apartment in violation of the Fourth Amendment, the inculpatory statement is "so attenuated [from the seizure] as to dissipate the taint." Wong Sun v. United States, 371 U.S. 471, 487, 491 (1963) (internal quotation marks omitted). "[T]he Supreme Court has declined to adopt a per se or but for rule that would make inadmissible any evidence [] which somehow came to light through a chain of causation that began with an illegal" seizure. Mosby v. Senkowski, 470 F.3d 515, 520 (2d Cir. 2006) (internal quotation marks omitted). We instead evaluate the "causal connection" between a Fourth Amendment violation and the statement at issue. Brown v. Illinois, 422 U.S. 590, 603 (1975). At the time Tyson provided the inculpatory statement, he was not in custody and he had received Miranda warnings; there is no indication of flagrant or purposeful misconduct on Detective Lambert's part. See Mosby, 470 F.3d at 521 (enumerating four indicia of voluntariness). Tyson thus voluntarily provided the inculpatory statement, breaking any causal connection.

We apply a "particularly deferential form of abuse-of-discretion review" to evaluate the substantive reasonableness of a sentence. United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (in banc). "We will set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted). "[W]e take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Id. at 190. In short, we "patrol the boundaries

3

of reasonableness," but recognize "that responsibility for sentencing is placed largely in the precincts of the district court." Id. at 191.

Under this highly deferential standard of review, Tyson's stacked sentence of 65 years is substantively reasonable. The district court explicitly decided to harness the stacking provision set forth in Guideline section 5G1.2(d) to effectuate the advisory Guideline sentence of life imprisonment. See U.S.S.G. § 5G1.2(d). While the district court recognized that Tyson is "going to die in prison," it underscored the risk he posed as a "predator" of children, his "horrific conduct," and "the effect it will have on [a] 9 year old" victim. The district court thus concluded that the sentence was not only sufficient, but also necessary to effectuate the purposes of sentencing set forth in 18 U.S.C. § 3553. Accordingly, we cannot say that this sentence falls outside the range of permissible decisions.

Finding no merit in Tyson's remaining arguments, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4